## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **WILFREDO CARRASQUILLO, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 15-13279-DJC** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

**CASPER, J.**                                                                November 23, 2015

Now before the Court is the plaintiff's motion for appointment of counsel (D. 3).  For the reasons set forth below, the Court denies the motion without prejudice.

Wilfredo Carrasquillo, Sr. ("Carrasquillo") brings this civil action in which he seeks a refund of federal taxes.  In a memorandum and order dated September 9, 2015 (D. 6), Magistrate Judge Boal granted his motion for leave to proceed *in forma pauperis* and ordered that a summons issue. She directed the plaintiff to complete service within 120 days of the date of the order.  There is no return receipt of service on the docket.

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See id.*  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

Here, because the defendant has not been served with and responded to the complaint, the Court cannot yet determine whether this case presents exceptional circumstances that would justify

the appointment of pro bono counsel.

The motion for counsel is therefore DENIED WITHOUT PREJUDICE to renewal after the defendant has responded to the complaint.  Carrasquillo remains responsible for completing service in accordance with Judge Boal's earlier order and for otherwise prosecuting his claim.

**So ordered.**

    /s/ Denise J. Casper               
United States District Judge